UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL EARLY,

                Plaintiff,                    Case No. 2:25-cv-12407

v.                                          Hon. Brandy R. McMillion
                                                  United States District Judge

FRED DURHAL III, *et al.*,

                Defendant.

_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Denzel Early ("Early") brings this *pro se* civil rights action against Defendants Fred Durhal, III, Regional Business Executives and Store Owners operating in ZIP Code 48204, Unknown Parties A through Z (collectively, "Defendants") relating to "mismanagement of municipal budgets, discriminatory business practices that block legal use of U.S. silver and copper coinage, and chronic violations of public trust and state financial reporting duties." *See* ECF No. 1, PageID.1.  He has also filed an application to proceed without the prepayment of fees (*in forma pauperis*).  ECF No. 2.  For the reasons below, this case is **SUMMARILY DISMISSED WITH PREJUDICE** and Early's request to proceed *in forma pauperis* is **DENIED AS MOOT**.

I.

As best the Court can discern, Early is suing his Michigan State House Representative, businesses in his residential area, and unknown state employees for what he believes to be "discriminatory economic practices," "financial negligence," and "community harm." ECF No. 1, PageID.1-2. The Complaint is lacking any rational factual support to these claims, other than conclusory statements that his congressional district has failed to provide transparent budget practices, businesses in his area do not accept silver and copper coins, and stores have failed to file Michigan tax forms. *Id.* at PageID.2. Early alleges four causes of action: (i) violation of civil rights (42 U.S.C. § 1983); (ii) violation of legal tender statutes; (iii) fraudulent escheatment; and (iv) government and business collusion. *Id.* at PageID.3.

II.

Early filed an application to proceed *in forma pauperis*. ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal.  "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ."  *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)).  Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible when the facts allow a

3

court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

### III.

Early's Complaint alleges four counts, none of which are supported by the facts as alleged. First, to state a federal § 1983 civil rights claim, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). Count I fails because Early fails to allege any constitutional right that has been violated. There is no statutory or constitutional "right to equal economic participation" as alleged in the Complaint. *See* ECF No. 1, PageID.3. Moreover, Early fails to identify who violated the law, other than a general allegation as to "Defendants" – which is insufficient to state a claim upon which relief can be granted. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (complaint containing no specific facts in support of conclusory allegations of constitutional violations, or any degree of specificity which of the named defendants were personally involved, fails to state a claim upon which relief can be granted).

Second, Counts II and III fail because they each relate to Defendants' denial and "refusal to accept lawful U.S. coinage" which also is not a substantive right guaranteed by federal law. ECF No. 1, PageID.3. Early cites to 31 U.S.C. §5103 to

support his claim that businesses in his area do not accept silver and copper coins. However, there is no private cause of action pursuant to that statute, as that section simply defines what constitutes legal tender in the United States. *See* 31 U.S.C. § 5103. Count IV similarly fails because failure to file Form 372 with the Michigan Department of Treasury does not create a private cause of action for enforcement. Regulation of tax filing failures lies with the Michigan Department of Treasury.

Finally, even construing Early's *pro se* Complaint liberally, the Court cannot "conjure up unpleaded facts to support conclusory allegations," nor can the Court create a claim for relief. *See Williams*, 2022 WL 2966395 at *2. Nothing contained in the Complaint is sufficient for the Court to find Early has alleged any plausible claim of relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's claims are frivolous and fail to state a claim upon which relief can be granted and therefore are subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

## IV.

Accordingly, the Complaint (ECF No. 1) is **SUMMARILY DISMISSED WITH PREJUDICE** in its entirety.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated: August 12, 2025　　　　　　　　　　s/Brandy R. McMillion  
　　Detroit, Michigan　　　　　　　　　　Hon. Brandy R. McMillion  
　　　　　　　　　　　　　　　　　　　　United States District Judge

5